Criminal law ⟨⟩1131(5)—Escape from jail pending appeal held to deprive Court of Criminal Appeals of jurisdiction.

Where, pending appeal, accused escaped from jail on October 9, 1922, and was recaptured on October 22, 1922, in another state, his failure to return voluntarily within ten days deprived the Court of Criminal Appeals of jurisdiction to entertain the appeal, under Code Cr. Proc. 1911, arts. 912, 913.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

W. L. Smith was convicted of forgery, and appeals. Appeal dismissed.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for forgery; punishment assessed at confinement in the penitentiary for a period of five years. Pending the appeal, appellant escaped from jail. This occurred on October 9, 1922, and appellant remained at large until his apprehension in another state on October 22, 1922. These facts are properly made known by the affidavit of the sheriff of Jefferson county. The escape or failure to voluntarily return within 10 days deprives this court of the jurisdiction to entertain the appeal. See Code Cr. Proc. arts. 912 and 913.

The appeal is dismissed.

---

### THOMPSON v. STATE. (No. 7218.)

(Court of Criminal Appeals of Texas. Nov. 22, 1922.)

Criminal law ⟨⟩1182—Judgment upon proper indictment affirmed, in absence of bill of exceptions or showing of fundamental error in charge.

Where indictment is in proper form, with no complaint made upon trial of the charge of the court in any fundamental matter, and appeal is brought without bill of exceptions, and no reversible error is shown, judgment should be affirmed.

Appeal from District Court, Camp County; R. T. Wilkinson, Judge.

Tom Thompson was convicted of aggravated assault, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Camp county of aggravated assault, and his punishment fixed at a fine of $100 and 12 months' imprisonment in the county jail.

The indictment in this case was in proper form, charging an assault with intent to murder. No complaint was made, upon the trial, of the charge of the court in any fundamental matter. The case is before us without any bills of exception or statement of facts.

No reversible error appearing, an affirmance is ordered.